UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER MURPHY, an individual,
on behalf of himself and all others similarly
situated,

Plaintiff,

v.

SPRINT/UNITED MANAGEMENT
COMPANY, a Kansas Corporation,

Defendant.

No. 2:20-cv-00507-TLN-DB

**ORDER**

This matter is before the Court on Defendant Sprint/United Management Company's

("Defendant") Motion to Dismiss or in the alternative Motion to Stay.  (ECF No. 6.)  Plaintiff

filed an opposition.  (ECF No. 11.)  Defendant filed a reply.  (ECF No. 13.)  For the reasons set

forth below, the Court hereby GRANTS in part and DENIES in part Defendant's motion.  (ECF

No. 6.)

///

///

///

///

///

1

1    **I.    FACTUAL AND PROCEDURAL BACKGROUND**

2         Plaintiff alleges he worked for Defendant from August 2015 through January 2019 as a

3    non-exempt, hourly-paid sales supervisor.  (ECF No. 1 at 4.)  Plaintiff states during his

4    employment, Defendant required Plaintiff and putative class members to respond to work-related

5    phone calls and text messages while outside of their scheduled shifts, including meal breaks.  (*Id.*)

6    Plaintiff further alleges his meal breaks were missed, shortened, or delayed past the fifth hour of

7    work.  (*Id.*)  Plaintiff maintains he and other putative class members were not paid meal period

8    premiums for each day of interrupted and delayed meal breaks.  (*Id.* at 4–5.)  Plaintiff alleges

9    Defendant failed to pay its employees one hour of pay at the regular rate of compensation for

10   each instance of missed rest and meal breaks.  (*Id.* at 2.)  Plaintiff alleges Defendant failed to pay

11   straight time wages for off-the-clock work performed.  (*Id.*)  Plaintiff alleges Defendant failed to

12   pay overtime wages for work performed in excess of eight hours a day/forty hours a week.  (*Id.*)

13   Plaintiff states Defendant failed to furnish timely and accurate wage statements.  (*Id.*)  Plaintiff

14   alleges he and other putative class members had to work off the clock, before or after scheduled

15   shifts.  (*Id.* at 5.)  Plaintiff alleges Defendant did not allow Plaintiff and other class members to

16   incur overtime.  (*Id.*)  Plaintiff alleges if Defendant was allowed overtime, it was severely limited.

17   (*Id.*)  Plaintiff alleges Defendant did not advise Plaintiff and class members that they were

18   entitled to breaks.  (*Id.*)  Plaintiff alleges the practice occurred systematically and was always

19   done with the full knowledge and consent of Defendant.  (*Id.* at 6.)

20        There are currently four other pending putative class action cases that include parties in

21   the instant action (collectively "Class Actions").  (ECF No. 6-1 at 6.)

22        A.    First and Second Cases: *Navarrete* Actions

23              i.    *Navarrete Class Action*

24        On January 29, 2019, plaintiff Antonio Navarrete ("*Navarrete*") filed a wage and hour

25   class action complaint against Defendant in the Superior Court of California, County of Orange.

26   (ECF No. 6-1 at 8 (citing *Antonio Navarrete v. Sprint/United Mgmt. Co., et al.*, Case No. 8:19-cv-

27   00794-JLS-ADS (C.D. Cal. Jan. 29, 2019), filed on January 29, 2019).)  *Navarrete* asserted the

28   following claims: (1) Failure to Pay Wages Including Overtime as Required by Labor Code §§

2

510 and 1194; (2) Failure to Provide Meal Periods as Required by Labor Code §§ 226.7, 512 and IWC Wage Order 7-2001; (3) Failure to Provide Rest Periods as Required by Labor Code §§ 226.7, 512; (4) Failure to Pay Timely Wages Required by Labor Code § 203; (5) Failure to Provide Accurate Itemized Wage Statements as Required by Labor Code § 226; (6) Failure to Indemnify Necessary Business Expenses as Required by Labor Code § 2802; and (7) Violation of Business & Professions Code § 17200, *et seq.* (*Id.*)  The putative class in this action is "'[a]ll persons who have been employed by Defendants as non-exempt employees or equivalent positions, however titled, in the state of California within four (4) years from the filing of the Complaint in this action until its resolution.'" (*Id.*)

On April 30, 2019, Defendant removed the case to the United States District Court, Central District of California. (*Id.*)  On December 10, 2019, the parties reached a tentative settlement agreement. (*Id.* at 8–9.)  Parties to the tentative settlement agreement include "all current and former non-exempt employees of Defendant who worked in Defendant's retail stores from February 25, 2016 through April 8, 2020." (*Id.*)

<em>ii.    Navarrete PAGA Action</em>

Navarrete also filed a related Private Attorneys General Act ("PAGA") action against Defendant and Sprint Corporation for the same alleged wage and hour violations asserted in the class action complaint. (*Id.* (citing *Antonio Navarrete v. Sprint/United Mgmt. Co. and Sprint Corp.*, Case No. 30-2019-01062047-CU-OE-CXC, (Cal. Sup. Ct., Apr. 5, 2019), filed on April 5, 2019).)  The putative class in the PAGA action is "the general public and all non-exempt aggrieved employees." (ECF No. 6-1 at 8–9.)  The PAGA action is not at issue in the instant action. (*See* ECF No. 6-1 at 8–9; *see also* ECF No. 11 at 9.)

**B.    Third Case: *Amaraut* Action**

On February 28, 2019, plaintiff Vladimir Amaraut ("*Amaraut*") filed a wage and hour class and collective action against Defendant. (ECF No. 6-1 at 9 (*Vladimir Amaraut v. Sprint/United Mgmt. Co.*, Case No. 3:19-cv-0411-WQH-AHG (S.D. Cal. Feb. 28, 2019), filed on February 28, 2019).)  *Amaraut* asserted the following actions: (1) Violation of the Fair Labor Standards Act (the "FLSA"); (2) Failure to Compensate for All Hours Worked; (3) Failure to Pay

3

1  Minimum Wage; (4) Failure to Pay Overtime Wages; (5) Failure to Authorize, Permit, and/or

2  Make Available Meal and Rest Periods; (6) Waiting Time Penalties Pursuant to Labor Code §§

3  201-203; (7) Violations of Labor Code § 226 – Itemized Wage Statements; (8) Violation of

4  California Business and Professions Code § 17200, *et seq.*; and (9) Penalties Pursuant to PAGA,

5  Labor Code § 2699 *et seq.*.  (*Id.*)  *Amaraut's* putative class includes "[a]ll current and former non-

6  exempt employees of [Sprint] working in [Sprint's] retail establishments throughout the State of

7  California," as well as employees in the states of Colorado, New York, Arizona, Ohio, and

8  Washington.  (*Id.*)  On November 4, 2019, the United States District Court, Southern District of

9  California granted a joint motion to conditionally certify the collective and facilitate notice.  (*Id.*

10  at 10.)

11                 C.    <u>Fourth Case: *Fuhr* Action</u>

12        On December 17, 2019, Josh Fuhr ("*Fuhr*") filed a wage and hour class action in the

13  United States District Court, Southern District of California — the same district as the ongoing

14  *Amaraut* action.  (ECF No. 6-1 at 10 (citing *Josh Fuhr, et al. v. Sprint/United Mgmt. Co.*, Case

15  No. 3-19-cv-02418-LAB-WVG (S.D. Cal. Mar. 12, 2020), filed on March 12, 2020).)  *Fuhr*

16  alleges a class action against Defendant for alleged wage and hour violations including: (1)

17  Violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §§ 207, 211(C), 216(B), 255(a)

18  and 29 C.F.R. § 516 *et seq.*; (2) Failure to Provide Meal Periods; (3) Failure to Provide Rest

19  Periods; (4) Failure to Pay Minimum/Regular/Owed Wages; (5) Failure to Pay Overtime Wages;

20  (6) Failure to Reimburse Necessary Business Expenses; (7) Failure to Furnish Accurate Wage

21  Statements; (8) Failure to Pay All Wages Upon Termination; and (9) Violation of California

22  Business and Professions Code § 17200, *et seq.*.  (*Id.*)  The putative class includes "[a]ll current

23  and former non-exempt, hourly-paid store managers (level "C") employed by [Sprint] in

24  California during the Class Period[]."  (*Id.*)

25                 D.    <u>The Instant Action</u>

26        On March 5, 2020, Plaintiff filed the instant action in this Court.  (ECF No. 1.)  On June

27  23, 2020, Defendant filed a motion to dismiss.  (ECF No. 6.)  On July 6, 2020, Plaintiff filed a

28  joint statement with the Court, designating the case as a class and PAGA representative action.

4

1   (ECF No. 10.)

2       **II.     STANDARD OF LAW**

3       A motion to dismiss for failure to state a claim upon which relief can be granted under

4   Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint.

5   *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Rule 8(a) requires that a pleading contain

6   "a short and plain statement of the claim showing that the pleader is entitled to relief."  *See*

7   *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  Under notice pleading in federal court, the

8   complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon

9   which it rests."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).

10  "This simplified notice pleading standard relies on liberal discovery rules and summary judgment

11  motions to define disputed facts and issues and to dispose of unmeritorious claims."  *Swierkiewicz*

12  *v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

13      On a motion to dismiss, the factual allegations of the complaint must be accepted as true.

14  *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court is bound to give the plaintiff the benefit of every

15  reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail*

16  *Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege

17  "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to

18  relief."  *Twombly*, 550 U.S. at 570.

19      Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of

20  factual allegations."  *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

21  While Rule 8(a) does not require detailed factual allegations, "it demands more than an

22  unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A

23  pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

24  elements of a cause of action."  *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678

25  ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

26  statements, do not suffice.").  Moreover, it is inappropriate to assume the plaintiff "can prove

27  facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not

28  been alleged."  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459

1  U.S. 519, 526 (1983).

2         Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough

3  facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting

4  *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

5  content that allows the court to draw the reasonable inference that the defendant is liable for the

6  misconduct alleged." *Id.* at 680. While the plausibility requirement is not akin to a probability

7  requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully."

8  *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to

9  draw on its judicial experience and common sense." *Id.* at 679.

10        In ruling on a motion to dismiss, a court may only consider the complaint, any exhibits

11  thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201.

12  *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v.*

13  *Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

14        If a complaint fails to state a plausible claim, "'[a] district court should grant leave to

15  amend even if no request to amend the pleading was made, unless it determines that the pleading

16  could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122,

17  1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

18        **III.   ANALYSIS**

19        Plaintiff alleges eight claims: (1) Failure to Provide Meal Periods (violation of Cal. Lab.

20  Code §§ 512, 226.7, and the applicable wage order); (2) Failure to Provide Rest Periods (violation

21  of Cal. Lab. Code § 226.7 and the applicable wage order); (3) Failure to pay Minimum/Regular

22  Wages (violation of Cal. Lab. Code §§ 1194, 1194.2, 1197, 1198, and the applicable wage order);

23  (4) Failure to Pay Overtime Wages (violation of Cal. Lab. Code § 510, 1194, 1198, and the

24  applicable wage order); (5) Failure to Furnish Timely and Accurate Wage Statements (violation

25  of Cal. Lab. Code § 226); (6) Failure to Pay all Wages due upon Termination (violation of Cal.

26  Lab. Code §§ 201-203; (7) violation of California's Unfair Competition Law (Bus. & Prof. Code

27  § 17200 *et. seq.*); and (8) violation of Private Attorneys General Act ("PAGA") (Cal. Lab. Code

28  §§ 2698 and 2699, *et. seq.*). (ECF No. 1 at 12–23.)

1        Defendant argues the Court should dismiss all claims under a "first-to-file rule" because

2  there are four other "putative class, collective, and/or representative action[s] pending against

3  Defendant." (ECF No. 6 at 6.) Defendant argues the other cases involve "the same defendant,

4  overlapping claims, theories of liability, and substantially similar putative classes, collectives,

5  and/or 'aggrieved employees'" in relation to the instant action. (*Id.*) Alternatively, Defendant

6  argues the Court should stay the instant action pending resolution of the other pending Class

7  Actions. (*Id.* at 20.) The Court will first address Defendant's request for judicial notice, second

8  address the first-to-file rule and its applicability to the instant action, and third whether to stay the

9  action.

10                     A.  Request for Judicial Notice

11        Defendant requests the Court take judicial notice of Exhibits A–J.[1] (*See* ECF No. 6-3.)

12  Defendant asserts exhibits are filed within either: (1) the United States District Court, Southern

13  District of California; (2) the United States District Court, Central District of California; or (3) the

14

---

15  [1]      Exhibit A is the *Antonio Navarrete v. Sprint/United Mgmt. Co. and Sprint Corp.*
("*Navarrete* Class") Class Action Complaint filed in the Superior Court of California, County of

16  Orange on January 29, 2019. (ECF No. 6-3 at 5–26.) Exhibit B is the Notice of Removal filed on
April 30, 2019, transferring the *Navarrete* Class Action Complaint from the Superior Court of

17  California, County of Orange, to the United States District Court, Central District of California.
(ECF No. 6-3 at 27–44.) Exhibit C is the *Antonio Navarrete v. Sprint/United Mgmt. Co. and*

18  *Sprint Corp.* ("Navarrete PAGA") PAGA Representative Action Complaint filed in the Superior
Court of California, County of Orange on April 5, 2019. (ECF No. 6-3 at 45–79.) Exhibit D is

19  the *Vladimir Amaraut v. Sprint/United Mgmt. Co.* ("*Amaraut* Class") Collective and Class Action
Complaint filed in the United States District Court, Southern District of California, on February

20  28, 2019. (ECF No 6-3 at 80–117.) Exhibit E is the *Amaraut* Class First Amended Collective
and Class Action Complaint filed in the United States District Court, Southern District of

21  California, on October 30, 2019. (ECF No. 6-3 at 118–175.) Exhibit F is the *Amaraut* Class
Joint Motion to Conditionally Certify the Collective and Facilitate Notice, filed in the United

22  States District Court, Southern District of California, on November 1, 2019. (ECF No. 6-3 at

23  176–189.) Exhibit G is the United States District Court, Southern District of California's
November 4, 2019 Order Granting the *Amaraut* Class Parties' Joint Motion to Conditionally

24  Certify the Collective and Facilitate Notice. (ECF No. 6-3 at 190–96.) Exhibit H is the
*Navarrete* Class Notice of Settlement filed in the United States District Court, Southern District

25  of California, on December 12, 2019. (ECF No. 6-3 at 197–99.) Exhibit I is the *Josh Fuhr v.*

26  *Sprint/United Mgmt. Co.* ("*Fuhr* Class") Class Action Complaint filed in the United States
District Court, Southern District of California, on December 17, 2019. (ECF No. 6-3 at 200–21.)

27  Finally, Exhibit J is the Fuhr Class First Amended Complaint filed in the United States District

28  Court, Southern District of California, on March 12, 2020. (ECF No. 6-3 at 222–49.)

1  Superior Court of California, County of Orange.  (ECF No. 6-3 at 2–3.)  Defendant asks the Court
2  to take judicial notice of the documents to demonstrate that the *Navarrete, Amaraut*, and *Fuhr*
3  actions were filed before Plaintiff's action.  (ECF No. 6-3 at 4.)  Plaintiff does not oppose
4  Defendant's request.  (*See generally* ECF No. 11.)
5  **The Court may take judicial notice of facts that can be "accurately and readily determined**
6  **from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).**
7  **Courts have taken judicial notice of public records, which includes government documents**
8  **and orders.  *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001); *In re W. States***
9  ***Wholesale Nat'l Gas Antitrust Litig.*, 633 F. Supp. 2d 1151, 1169 (D. Nev. 2007) (taking**
10  **judicial notice of Federal Energy Regulatory Commission orders).  "However, when a court**
11  **takes judicial notice of a matter of public record, such as another court's opinion, it may not**
12  **do so for the truth of the facts recited therein, but for the existence of the opinion, which is**
13  **not subject to reasonable dispute over its authenticity."  *Id.* at 1168–69 (internal quotations**
14  **and citations omitted).**
15  Exhibits A, B, and D–J are filed within the United States District Courts.  (ECF No. 6-3,
16  5–249.)  Exhibit C is filed within the California Superior Court.  All documents are public records
17  and are not subject to reasonable dispute.  *See Lee*, 250 F.3d at 689–90.  Therefore, Defendant's
18  request for judicial notice of Exhibits A through J is GRANTED.
19  B.  First-to-File Rule
20  The crux of the instant dispute is whether Plaintiff can bring this action despite four
21  existing and similar pending actions across different districts.  (*See* ECF No. 1; *see also* ECF No.
22  6-1 at 6–7 (citing Navarrete Class action, *Amaraut* Class action, *Navarrete* PAGA action, and
23  *Fuhr* Class action).)  Defendant argues: (1) Plaintiff's claims should be dismissed under a first-to-
24  file rule; and (2) the Court should stay the instant action in absence of dismissal to allow time for
25  resolution of the other pending cases.  (ECF No. 6 at 6–20.)  In opposition, Plaintiff states that the
26  first-to-file rule does not apply because: (1) *Amaraut* and *Navarrete* face conflict of interest risks;
27  (2) *Amaraut* and *Navarrete* face class certification risks; (3) the issues in the earlier filed actions
28  are not sufficiently similar; and (4) the parties are not the same.  (ECF No. 11 at 11–17.)  In reply,

8

1    Defendant argues: (1) Plaintiff's arguments about conflict of interest and class certification are

2    speculative; and (2) Plaintiff does not demonstrate any reason why he would be prejudiced by the

3    Court staying the case.  (ECF No. 13 at 6–14.)

4            The first-to-file rule is a doctrine that permits the district court to decline jurisdiction over

5    an action when a complaint involving the same parties and issues have already been filed in

6    another district.  *See Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1146 (E.D. Cal.

7    2010).  The first-to-file rule is intended to "serve the purpose of promoting efficiency."  *Alltrade,*

8    *Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (citations omitted).  When

9    applying the first-to-file rule, courts should be driven to maximize "economy, consistency, and

10   comity."  *Kohn L. Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239–40 (9th Cir.

11   2015) (citations omitted).  A court looks at three factors: (1) chronology of the lawsuits; (2)

12   similarity of the parties; and (3) similarity of the issues.  *Id.*  The parties and issues do not have to

13   be identical, only substantially similar.  *Id.* at 1240–41.  However, a court has discretion to

14   decline applying the first-to-file rule if the balance of convenience and equity weighs in favor of

15   the later filed action.  *Alltrade, Inc.*, 946 F.2d at 628.  Examples that satisfy declining the first-to-

16   file rule include whether the first filing party did so in bad faith, as an anticipatory suit, or to

17   forum shop.  *Young v. L'Oreal USA Inc.*, 20-cv-00944-JSW, 2021 WL 3235855 at *6 (N.D. Cal.

18   Jan. 15, 2021).

19           The Court will analyze each factor in turn.

20                            *i.  Chronology of the Lawsuits*

21           Plaintiff and Defendant do not dispute the chronology of the relevant lawsuits.  (*Compare*

22   ECF No. 6-1 at 8–11 (discussing the procedural history of the *Amaraut*, *Navarrete*, and *Fuhr*

23   actions), *with* ECF No. 11 at 7–9 (same).)  All actions were filed between one year and three

24   months before the instant action.  (ECF No. 6-1 at 8–11.)  *Navarrete* class action is the first

25   relevant action, filed on January 29, 2019.  (*Id.* at 8–9.)  *Amaraut* is the second relevant action,

26   filed on February 28, 2019.  (*Id.* at 9–10.)  The *Navarrete* PAGA action is the third relevant

27   action, filed on April 5, 2019.  (*Id.* at 8.)  *Fuhr* is the fourth relevant action, filed on March 12,

28   2020.  (*Id.* at 10.)  Finally, Plaintiff's instant action was filed on June 23, 2020, making it the

1    latest action.  (*See generally* ECF No. 1.)

2         Accordingly, the Court finds that the first factor of the first-to-file rule weighs in favor of

3    Defendant.

4                    *ii.   Similarity of the Parties*

5         Plaintiff and Defendant dispute whether the parties in each case are similar.  (*Compare*

6    ECF No. 6-1 at 13 ("the putative classes in *Navarrete* and *Amaraut* necessarily subsume the

7    entirety of the California-only putative collective proposed in *Murphy*"), *with* ECF No. 11 at 16

8    ("parties are not the same because the earlier filed actions were not certified").)  Further, they

9    disagree on whether the Court should determine similarity based on the putative class in the

10   instant action and the putative class in the other Class Actions, or whether the Court should

11   determine similarity based on the named parties only.  (*See* ECF No. 6-1 at 13–14; *see also* ECF

12   No. 11 at 16–17.)

13        In general, parties do not have to be identical.  *Kohn L. Grp., Inc.*, 787 F.3d at 1240-41.  It

14   is enough if they are substantially similar.  *Id.*  While the issue of class certification is not a factor

15   of the first-to-file rule itself, it can be dispositive of whether parties for one action are

16   substantially similar to parties of another action.  *See generally Wallerstein v. Dole Fresh*

17   *Vegetables, Inc.*, 967 F. Supp. 2d 1289 (N.D. Cal. 2013).  On one hand, if the Court compares

18   Plaintiff in the instant action to the named plaintiff[s] in the other Class Actions, then there will

19   be no similarity of the parties.  *Lac Anh Le v. Pricewaterhousecoopers LLP*, Case No. C-07-5476

20   MMC, 2008 WL 618938, at *2 (N.D. Cal. Mar. 4, 2008) (holding there is no similarity of parties

21   because the individual named plaintiffs are not the same).  On the other hand, if the Court

22   compares the putative class in the instant action to the putative classes in the other Class Actions,

23   then there will be substantial similarity between the parties.  *Wallerstein*, 967 F. Supp. 2d at 1289

24   (holding there is substantial similarity between putative classes if plaintiffs have the potential to

25   join another class in a pending action).  Thus, the Court will analyze the relevance of class

26   certification in the actions and whether the Court should compare named plaintiffs or putative

27   classes.

28   ///

                                    10

1  ///

2          a) <u>Relevance of Class Certification</u>

3    Plaintiff argues the class certification status in all cases is relevant, and specifically,

4  individual plaintiffs *should* be compared in cases where classes are not yet certified.  (ECF No. 11

5  at 17 (citing *Lac Anh Le*, 2008 WL at *1).)  Defendant argues certification is not relevant because

6  Plaintiff's argument is speculative and the putative classes in *Navarrete* and *Amaraut* include

7  Plaintiff.  (*See* ECF No. 13 at 6–14; *see also* ECF No. 6-1 at 13.)  The Court disagrees with the

8  idea that class certification is not relevant.

9    Courts have taken two approaches when comparing classes prior to class certification.  *Id.*

10  In the first approach, if classes to which plaintiffs are eligible are not yet certified, then the court

11  only needs to consider individual plaintiffs when deciding whether the parties are substantially

12  similar.  *Lac Anh Le*, 2008 WL at *1.  This approach — as identified in *Lac Anh Le* — is the

13  minority approach.  *Wallerstein*, 967 F. Supp. 2d at 1295.  In the second and more widely

14  accepted approach, classes can be compared before certification which allows inquiry into

15  whether the putative classes seek to represent at least some of the same individuals.  *Id.*

16  (comparing putative classes of plaintiffs before certification); *see also Adoma*, 711 F. Supp. 2d at

17  1147– 48 (finding putative classes substantially similar because both classes seek to represent at

18  least some of the same individuals and plaintiffs may opt in if another case becomes certified).

19  As such, courts have held that putative classes in class action lawsuits are substantially similar

20  where both classes seek to represent at least some of the same individuals.  *Adoma*, 711 F. Supp.

21  2d at 1147–48.

22    Given that courts within this district have applied the *Wallerstein* approach — and the

23  Court is unaware of any court within this district applying the *Lac Anh Le* approach — this Court

24  will apply the *Wallerstein* approach.  *See Adoma*, 711 F. Supp. 2d at 1147 (applying the majority

25  approach).  Accordingly, the Court will compare putative classes when evaluating the similarity

26  of the parties.

27          *1.* *Putative Classes*

28    Plaintiff argues that plaintiffs are not similar because the *Amaraut*, *Navarrete*, and *Fuhr*

1    classes are not yet certified.  (ECF No. 11 at 16–17.)  As discussed, certification is not necessary

2    to compare putative classes.  *Adoma*, 711 F. Supp. 2d at 1147–48.  Courts look to whether the

3    putative classes seek to represent at least some of the same individuals.  *See Wallerstein*, 967 F.

4    Supp. 2d at 1295.

5         Plaintiff is a non-exempt employee.  (*See* ECF No. 1 at 4 (asserting Plaintiff is a non-

6    exempt hourly sales supervisor).)  When examining the putative classes in each of the actions,

7    there are overlapping class members.  (*See* ECF No. 6-1 at 8–10.)  The *Amaraut* and *Navarette*

8    classes seek to represent some of the same individuals — non-exempt employees regardless of

9    position.  (*See id.*)  Meanwhile, the *Fuhr* class seeks to represent non-exempt store managers.

10   (*Id.*)  Because the *Fuhr* class is limited to non-exempt store managers (*id.* at 10), Plaintiff may not

11   qualify to join the *Fuhr* class.  However, because the *Amaraut* and *Navarrete* classes are open to

12   all non-exempt employees (*id.* at 8–10), Plaintiff may qualify to join the *Amaraut* and *Navarrete*

13   classes as a non-exempt sales supervisor.  Even if the Court accepts Plaintiff's argument that

14   parties are not similar because the other Class Actions are not certified, the argument is

15   unpersuasive because the court in the *Navarrete* class action conditionally approved the class

16   comprising of all non-exempt employees.  Thus, the Court finds that the parties are similar with

17   respect to Plaintiff and the classes in *Amaraut* and *Navarette*.  *Adoma*, 711 F. Supp. 2d at 1148.

18        Accordingly, the Court finds that the second factor of the first-to-file rule weighs in favor

19   of Defendant.

20              *iii.   Similarity of the Issues*

21        The causes of action in the instant action are almost identical to the ones in *Amaraut* and

22   *Navarrete*.[2]  (ECF No. 6-1 at 17–19.)  While *Fuhr* does not assert a PAGA claim, *Fuhr* asserts all

23   —————————————

24   [2]    *Amaraut*, *Navarrete*, and the instant action all assert the following claims: (1) Failure to
     Provide Meal Periods (violation of Cal. Lab. Code §§ 512, 226.7, and the applicable wage order);

25   (2) Failure to Provide Rest Periods (violation of Cal. Lab. Code § 226.7 and the applicable wage
     order); (3) Failure to Pay Minimum/Regular Wages (violation of Cal. Lab. Code §§ 1194, 1194.2,

26   1197, 1198, and the applicable wage order); (4) Failure to Pay Overtime Wages (violation of Cal.
     Lab. Code § 510, 1194, 1198, and the applicable wage order); (5) Failure to Furnish Timely and

27   Accurate Wage Statements (violation of Cal. Lab. Code § 226); (6) Failure to Pay all Wages due
     upon Termination (violation of Cal. Lab. Code §§ 201-203; (7) violation of California's Unfair

28   Competition Law (Bus. & Prof. Code § 17200 *et. seq.*); and (8) violation of Private Attorneys

                                                 12

of the same class claims that Plaintiff asserts in this action.  *See id.*  Plaintiff argues the issues in

*Amaraut*, *Navarrete*, and *Fuhr* actions are not substantially similar to the issues in the instant

action for three reasons: (1) the duties of sales supervisors are different from lower-level

employees so the factual predicate for all claims differ between the positions; (2) Murphy cannot

be dismissed or stayed in deference to *Fuhr* because these cases are brought on behalf of non-

overlapping, distinct classes that have different duties; and (3) *Amaraut* does not allege PAGA

claims.  (ECF No. 11 at 14–16.)  Defendant argues the issues are substantially similar because the

*Amaraut*, *Navarrete*, *Fuhr*, and instant actions center on the same dispute: "whether Sprint's non-

exempt employees were afforded uninterrupted meal and/or rest breaks, and whether they were

forced to perform off-the-clock work."  (ECF No. 6-1 at 17.)

Whether a court applies the first-to-file rule depends on the substantial similarity of the

issues.  *Adoma*, 711 F. Supp. 2d at 1148.  When analyzing whether issues are substantially

similar, a court considers if the common facts, taken together, would lead to the same central

question between the cases.  *See id.*; *see also Ward v. Follett Corp.*, 158 F.R.D. 645, 648–49

(N.D. Cal. 1994) (applying the first-to-file rule in a case where there is a common central

question).  Even if a plaintiff presents alternative theories compared to another pending action, it

does not necessarily prevent the application of the first-to-file rule because common facts may

give rise to a central issue between the cases.  *Adoma*, 711 F. Supp. 2d at 1149.

Plaintiff asserts the issues in the instant action are not substantially similar because there

is a difference in positions and the duties do not overlap.  (ECF No. 11 at 15 (asserting that

Plaintiff is a non-exempt sales supervisor, Navarrete is a billing assistant, and Amaraut is a

salesperson).)  However, this argument is unpersuasive because even if the positions are different,

the non-exempt status applies to all plaintiffs in the actions.  (*See* ECF No. 13 at 10.)  As

discussed, the Court only needs to consider whether common facts lead to a central issue.

*Adoma*, 711 F. Supp. 2d at 1149.  The common facts to all plaintiffs are: (1) the plaintiffs

---

General Act ("PAGA") (Cal. Lab. Code §§ 2698 and 2699, *et. seq.*).  (ECF No. 6-1 at 18–19.)
*Fuhr* only differs from the other actions in that it does not assert a PAGA claim.  (*Id.*)  Instead,
*Fuhr* asserts an action for Failure to Reimburse Incurred Necessary Business Expenses (violation
of Cal. Lab. Code § 2802), of which only *Navarrete* asserts as well.  (*Id.*)

1   allegedly worked for Defendant as non-exempt employees; (2) the plaintiffs allegedly — as non-

2   exempt employees — were not paid meal/rest breaks in accordance with California wage and

3   labor law; and (3) the plaintiffs allegedly were forced to work off-the-clock for little to no

4   overtime pay.  (ECF No. 1 at 4.)  Here, as Defendant points out, the central questions are whether

5   non-exempt employees had uninterrupted meal/rest breaks and if non-exempt employees were

6   forced to work off the clock in violation of California laws.  (ECF No. 6-1 at 17.)  These

7   questions do not rest on whether Plaintiff was a sales supervisor, billing assistant, or sales

8   manager.  This Court finds that the common facts across all claims would lead to the same central

9   question across all actions.  *See Ward*, 158 F.R.D. at 648-49.

10         Accordingly, the Court finds that the third factor of the first-to-file rule weighs in favor of

11   Defendant.  While the Court declines to dismiss the case in its entirety, the Court will now

12   analyze Defendant's request to stay the instant action pending resolution of the Class Actions.

13                  C.   <u>Staying the Instant Action</u>

14         Defendant alternatively requests the Court to stay the instant action in the event the Court

15   decides not to dismiss the case entirely.  (ECF No. 6-1 at 20–21.)  Defendant argues that granting

16   a stay would "avoid the risk of inconsistent rulings."  (ECF No. 6-1 at 21.)  In opposition,

17   Plaintiff argues that a stay is not warranted because the risk of inconsistent rulings is non-existent.

18   (ECF No. 11 at 19 ("the *Fuhr* and *Amaraut* cases are being decided in the same district"—the

19   Southern District of California).)  Plaintiff further argues a stay is unwarranted because "none of

20   the earlier filed actions have been resolved through a court approved settlement."  (ECF No. 11 at

21   20.)  Defendant further argues granting a stay will "promote efficiency, judicial economy, and

22   discourage multiple sets of litigation on the same issue."  (ECF No. 6-1 at 21.)  The Court agrees

23   with Defendant.  *Alltrade, Inc.*, 946 F.2d at 629 (finding that once stayed, a case may be lifted

24   after resolution of other pending cases to consolidate, transfer, or dismiss).

25         Once an action satisfies the factors of the first-to-file rule and a court finds its application

26   is proper, it has the discretion to transfer, stay, or dismiss the action.  *Adoma*, 711 F. Supp. 2d. at

27   1146.  Generally, if there are uncertainties about the status of another case, whether it be

28   jurisdictional or outcome-based, the Ninth Circuit has opted for the prudent approach of staying a

14

1    case. *Alltrade, Inc.*, 946 F.2d at 625.

2         Here, the three factors of the first-to-file rule are met.  However, as Plaintiff points out,

3    there are uncertainties as to whether the other courts will certify the classes in the Class Actions,

4    or if parties in the *Navarrete* case will reach a final written settlement agreement.  (*See* ECF No.

5    11 at 12–13, 19.)  However, Plaintiff's concerns are the same concerns the Ninth Circuit has held

6    favor a stay of action.  *Alltrade, Inc.*, 946 F.2d at 629 (holding that "in cases where the first-filed

7    action presents a likelihood of dismissal the second-suit filed should be stayed, rather than

8    dismissed.")  Inconsistency concerns are warranted only where the court does not stay a case

9    pending resolution of another case to which Plaintiff may be a party.  *Rubio v. Arndal*, Case No.

10   1:13-cv-0027-LJO-BAM, 2013 WL 796669 at *5 (E.D. Cal. Mar. 4, 2013) (finding that "absent a

11   stay, there would be a significant risk of inconsistent rulings given the number of cases in the

12   [multi-district-litigation] that potentially raise the same . . . question. . . . [T]he weight of authority

13   suggests that granting a stay in order to avoid inconsistent rulings under these circumstances are

14   both routine and advisable.")  Additionally, the stay can be lifted at a later date once the other

15   actions are resolved to either proceed on the merits of the issues, transfer to another district, or

16   dismiss entirely.  *Alltrade, Inc.*, 946 F.2d at 629.

17        Accordingly, the Court finds that a stay in the instant action is warranted and Defendant's

18   Motion to Stay is GRANTED.

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

**IV.    CONCLUSION**

For the aforementioned reasons, the Court hereby GRANTS in part and DENIES in part Defendants' Motion to Dismiss or in the alternative Motion to Stay (ECF No. 6) as follows:

1.  Defendants' Motion to Dismiss is DENIED; and

2.  Defendants' Motion to Stay for all claims is GRANTED on Defendant's request to stay proceedings.

Plaintiff's instant action is hereby STAYED pending the resolution of all other relevant actions to which Plaintiff is a potential class member.  Accordingly, the Court directs the Clerk of the Court to administratively close this case.  The parties may file a request with the Court to lift the stay and reopen the case following the resolution of all other relevant actions.

IT IS SO ORDERED.

**DATE:  December 8, 2021**

Troy L. Nunley
United States District Judge